148

(No. 78-CC-0789—)

ILLINOIS BELL TELEPHONE Co., Claimant, *v.* THE
STATE OF ILLINOIS, Respondent.

*Order filed March 8, 1982.*

RICHARD N. JANNEY, for Claimant.

SHARI RHODE, for Respondent.

ROE, C.J.

This matter coming on to be heard upon the motion of Respondent to dismiss the claim herein, and, it appearing to the Court that Claimant has received due and timely notice of said motion, and, the Court being fully advised in the premises;

The Court hereby finds:

1. Rule 14 of the Rules of the Court of Claims of the State of Illinois states that departmental reports issued by State departments or agencies are considered *prima facie* evidence of the facts set forth therein.

2. The departmental report issued by the Illinois Department of Administrative Services, State department or agency, a copy of which is attached hereto and made a part hereof, established that this claim would have been paid from appropriation No. 312-44280-1700-800 had this bill been presented prior to the lapsing of appropriation. At the time the appropriation lapsed at the end of fiscal year 1975, the total amount remaining in that fund was $1,411.04. To this date, $16,786.73 of this claim has been made against the amount of appropria-

tion which lapsed. Two percent transfer (section 13.2 of the State Finance Act, Ill. Rev. Stat. 1979, ch. 127, par. 149.2), is not applicable to this appropriation.

3. Article 8, section 2B of the 1970 Constitution of the State of Illinois states that:

"The General Assembly by law shall make appropriations for all expenditures of public funds by the State. Appropriations for a fiscal year shall not exceed funds estimated by the General Assembly to be available during that year."

4. Section 30 of the State Finance Act (Ill. Rev. Stat., ch. 127, par. 166) states:

"No officer, institution, department board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law."

5. As no officer, institution, department, board or commission of the State may contract indebtedness in excess of the amount of the money appropriated to it by the General Assembly of the State of Illinois, such contracts by statute are void. The Department of Administrative Services has claims in the amount of $16,786.73 against an appropriation which lapsed only $1,441.04, and it has contracted beyond the monies appropriated to it for fiscal year 1975, and therefore these contracts are void.

6. That it is clear that the services rendered which gave rise to this claim were satisfactorily performed and that the price charged was usual and customary and that Southern Illinois University-Edwardsville, the recipient of the services, paid into the State's revolving fund the full amount for these services.

7. That for the Court of Claims to award any sum of money to the Claimant in this matter would in effect be a deficiency appropriation in violation of article 8, section

2B of the Illinois Constitution and section 30 of the State Finance Act (Ill. Rev. Stat., ch. 127, par. 166), and therefore, this cause must be dismissed with prejudice.

It is hereby ordered that the motion of Respondent be and the same is hereby granted and the claim herein is hereby dismissed with prejudice.